UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THOMAS BOSTIC and DIANE
DOUGLAS-QUICK,

                        Plaintiffs,

    -against-

UNITED STATES OF AMERICA,

                        Defendant.
------------------------------------------------------------------------X

COMPLAINT

Civil Action No.

       Plaintiffs, THOMAS BOSTIC and DIANE DOUGLAS-QUICK, by their attorneys, BURNS

& HARRIS, as and for a Complaint herein, respectfully sets forth and alleges:

       1.    That at all times herein mentioned, the defendant, UNITED STATES OF

AMERICA, was and still is a corporation, agency, sovereign and body politic.

       2.    That at all times herein mentioned, United States Postal Service, is a

constituent department or body of the defendant, UNITED STATES OF AMERICA, and that

the said United States Postal Service, is under the direction and control of the defendant,

UNITED STATES OF AMERICA.

       3.    That heretofore, and on December 21, 2021 the plaintiffs did file with the

aforesaid agency, SF-95s on behalf of each plaintiff, by FedEx Overnight Mail, claims for

personal injury caused by the negligence, wrongful acts and/or omissions of the employees

of the Government while acting within the course and scope of their authority and said claim

was filed within two years from the date of the accident which gave rise to the claim pursuant

to 28 U.S.C.§2401(b).

4.    That thereafter the United States Postal Service acknowledged receipt of the claims filed on behalf of plaintiffs by letter dated December 30, 2021, and advising that the claims would be adjudicated withing six months from December 21, 2022. The six months have elapsed and said claims have not been adjudicated or denied to date.

5.    That these claims are brought under and by virtue of the Federal Tort Claims Act, US Code Annotated Judiciary and Judicial Procedure, 28 US Code, §1346(b), and other applicable statutes and precedents.

6.    That the matter in controversy, exclusive of interest and costs, exceeds the sum of $50,000.00 as to plaintiff, THOMAS BOSTIC.

7.     That the matter in controversy, exclusive of interest and costs, exceeds the sum of $50,000.00 as to plaintiff, DIANE DOUGLAS-QUICK.

8.    That venue is proper under 28 U.S.C. 1402 as the events giving rise to the claim occurred within this judicial district.

9.    That by reason of the foregoing, this Court has jurisdiction over this matter.

### AS AND FOR A FIRST CAUSE OF ACTION

10.    That at all times mentioned herein, the defendant, UNITED STATES OF AMERICA, was the owner of a motor vehicle registered to the United States Postal Service bearing New York State Plate No. 8870967.

11.    That at all times mentioned herein, the defendant, UNITED STATES OF AMERICA by the United States Postal Service, maintained said motor vehicle bearing New York Plate No. 8870967.

12.    That at all times mentioned herein, the defendant, UNITED STATES OF AMERICA by the United States Postal Service, managed said motor vehicle bearing New

York Plate No. 8870967.

13.     That at all times mentioned herein, the defendant, UNITED STATES OF AMERICA by the United States Postal Service, controlled said motor vehicle bearing New York Plate No. 8870967.

14.     That at all times mentioned herein, the defendant, UNITED STATES OF AMERICA by the United States Postal Service, operated said motor vehicle bearing New York Plate No. 8870967.

15.     That at all times mentioned herein, Jose L. Marty was the operator of said motor vehicle bearing New York Plate No. 8870967.

16.     That at all times mentioned herein, Jose L. Marty operated said motor vehicle bearing New York State License No. 8870967 with the knowledge, permission and consent, expressed or implied, of the defendant, UNITED STATES OF AMERICA and the United States Postal Service.

17.     That at all times mentioned herein, Jose L. Marty was employed by the defendant, UNITED STATES OF AMERICA as a United States Postal Service employee.

18.     That at all times mentioned herein, Jose L. Marty was in the course of his employment at the time and place of this accident.

19.     That at all times mentioned herein, Jose L. Marty operated said motor vehicle within the course and scope of his duties as an agent, servant, and/or employee of the defendant, UNITED STATES OF AMERICA.

20.     That at all times mentioned herein, defendant, UNITED STATES OF AMERICA and the United States Postal Service were vicariously liable for the actions of their employee, Jose L. Marty, when he was operating the subject vehicle in the course

and scope of his employment.

21. That at all times mentioned herein, JOSE L. MARTY, controlled said motor vehicle bearing New York Plate No. 8870967 within the course and scope of his duties as an agent, servant, and/or employee of the defendant, UNITED STATES OF AMERICA.

22. That at all times mentioned herein, the public roadways located in the vicinity of 315 Empire Boulevard, approximately 50 feet East of Nostrand Avenue, County of Kings, City and State of New York are public roadways and thoroughfares in common use by the residents of the State of New York and others.

23. That at all times mentioned herein, the plaintiff, THOMAS BOSTIC was the owner of a 2010 Hyundai motor vehicle bearing South Carolina license plate No. NXB807.

24. That at all times mentioned herein, the plaintiff, THOMAS BOSTIC was the operator of a 2010 Hyundai motor vehicle bearing South Carolina license plate No. NXB807.

25. That on the 6th day of August, 2020, the plaintiff, THOMAS BOSTIC was operating said motor vehicle on the public roadways in the vicinity of 315 Empire Boulevard, approximately 50 feet East of Nostrand Avenue, County of Kings, City and State of New York.

26. That on the 6th day of August, 2020, plaintiff, DIANE DOUGLAS-QUICK, was a passenger in the 2010 Hyundai motor vehicle bearing South Carolina license plate No. NXB807 being operated by plaintiff, THOMAS BOSTIC, on the public roadways in the vicinity of 315 Empire Boulevard, approximately 50 feet East of Nostrand Avenue, County of Kings, City and State of New York

27.    That on the 6th day of August, 2020, Jose L. Marty was operating the said motor vehicle owned by the defendant, UNITED STATES OF AMERICA and registered to the United States Postal Service on the public roadway in the vicinity of 315 Empire Boulevard, approximately 50 feet East of Nostrand Avenue, County of Kings, City and State of New York.

28.    That on the 6th day of August, 2020, the motor vehicle owned by the defendant, UNITED STATES OF AMERICA, and registered to the United States Postal Service, came into contact with the motor vehicle owned and operated by plaintiff, THOMAS BOSTIC.

29.    That on the 6th day of August, 2020, the motor vehicle owned by the defendant, UNITED STATES OF AMERICA, and registered to the United States Postal Service, came into contact with the motor vehicle owned and operated by plaintiff, THOMAS BOSTIC in the vicinity of 315 Empire Boulevard, approximately 50 feet East of Nostrand Avenue, County of Kings, City and State of New York.

30.    Specifically, plaintiff, THOMAS BOSTIC was traveling Westbound on Empire Boulevard 50 feet east of Nostrand Avenue when Jose L. Marty, as the driver of the United States Postal Service vehicle, in the course and scope of his employment with the defendant, UNITED STATES OF AMERICA, as a United States Postal Service employee, backed into and came into contact with the motor vehicle owned and operated by plaintiff, THOMAS BOSTIC, thereby causing the accident between the BOSTIC vehicle and the USPS vehicle.

31.    That by reason of the foregoing, the plaintiff, THOMAS BOSTIC was severely and seriously injured.

32.     That the foregoing accident and the resulting injuries to the plaintiffs were caused solely by reason of the carelessness and negligence on the part of the defendant, and without any negligence on the part of the plaintiffs contributing thereto.

33.     That the defendant, its agents, servants and/or employees were careless and negligent in the ownership, operation, maintenance, management, use and/or control of its motor vehicle, and defendant was otherwise careless and negligent under the circumstances then and there prevailing; that said driver was negligent in the manner in which he drove said motor vehicle; failed to yield to the right of way of oncoming traffic and specifically to the plaintiff who had the right of the way; negligently backing up the vehicle without regard for oncoming traffic, and specifically plaintiff's vehicle; that said driver violated the Vehicle and Traffic Laws of the City and State of New York and failed to observe those rules and regulations for the safe driving of a vehicle as promulgated by the United States Postal Service.

34.     That by reason of the foregoing, plaintiff, THOMAS BOSTIC, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and he will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

35.     Specifically, plaintiff, THOMAS BOSTIC sustained a right shoulder rotator cuff tear involving supraspinatus and infraspinatus tendons, avascular necrosis of superior humeral head and tear of the anterior labrum with avulsion of the anterior glenoid periosteum.  He sustained a left shoulder tear of the anterior labrum, tear of the inferior labrum, rotator cuff tear at the anterior supraspinatus tendon.  He sustained a left knee tear of the medial meniscus, tear of the lateral meniscus, complete tear of the anterior cruciate ligament and tear of the medial collateral ligament.  He sustained a L5-S1 herniation, L4-L5 disc bulge, L2-L3 disc bulge and L3-L4 disc bulge.  He also sustained C3-C4 and C4-C5 disc herniation with impingement on the nerve roots and C5-C6 and C6-C7 disc herniations with nerve root impingement.

36.     That at a result of the foregoing, plaintiff, THOMAS BOSTIC suffered a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York.

37.     That as a result of the foregoing, plaintiff, THOMAS BOSTIC sustained serious injuries and economic loss greater than basic economic loss as defined by Section 5102(a) of the Insurance Law of the State of New York.

38.     That by reason thereof, plaintiff, THOMAS BOSTIC is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in Section 5102(a) of the Insurance Law of the State of New York.

39.     That plaintiff, THOMAS BOSTIC is a 'covered person' as defined by Section 5102(j) of the Insurance Law of the State of New York.

40.     That by reason thereof, plaintiff, THOMAS BOSTIC is entitled to recover

for non-economic loss and for such economic losses s are not included within the definition of "basic economic loss" as set forth in Section 5102(a) of the Insurance Law of the State of New York.

41.     That by reason thereof, plaintiff, THOMAS BOSTIC is entitled to recover for non-economic loss and for all economic losses sustained.

42.     That plaintiff, THOMAS BOSTIC is not seeking to recover any damages for which plaintiff, THOMAS BOSTIC has been reimbursed by no-fault insurance and/or for which no fault insurance is obliged to reimburse plaintiff.  Plaintiff is seeking to recover only those damages not recoverable through no fault insurance under the Federal Tort Claims Act.

43.     That by reason of the foregoing, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

44.      Plaintiffs repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Verified Complaint with the same force and effect as though each were more fully set forth at length herein.

45.     That by reason of the foregoing, the plaintiff, DIANE DOUGLAS-QUICK was severely and seriously injured.

46.     That the foregoing accident and the resulting injuries to the plaintiffs were caused solely by reason of the carelessness and negligence on the part of the defendant, and without any negligence on the part of the plaintiffs contributing thereto.

47.     That the defendants, their agents, servants and/or employees were careless and negligent in the ownership, operation, maintenance, management, use

and/or control of their motor vehicle, and defendants were otherwise careless and negligent under the circumstances then and there prevailing; that said driver was negligent in the manner in which he drove said motor vehicle; failed to yield to the right of way of oncoming traffic and specifically to the plaintiff who had the right of the way; negligently backing up his vehicle without regard for oncoming traffic, and specifically plaintiff's vehicle; that said driver violated the Vehicle and Traffic Laws of the City and State of New York and failed to observe those rules and regulations for the safe driving of a vehicle as promulgated by the United States Postal Service.

48.    That by reason of the foregoing, plaintiff, DIANE DOUGLAS-QUICK, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and she will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and/or in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

49.    Specifically, plaintiff, DIANE DOUGLAS-QUICK sustained a left shoulder rotator cuff tear of the supraspinatus tendon, tear of the infraspinatus tendons, labrum tear and slap tear with arthroscopy, synovectomy, subacromial decompression, anterior acromioplasty, debridement of the labrum and rotator cuff repair;  Right shoulder rotator cuff tear involving supraspinatus, infraspinatus and subscapularis

tendons and slap tear extending to the anterior superior labrum; L3/L4 Disc Bulge; C6/7 Herniation with impingement on nerve root;  C4-C5 and C5-C6 disc bulge;  a Right Knee Trabecular fracture of the medial tibial plateau, tear of the medial meniscus and tear of the anterior cruciate ligament;  Left Knee synovitis, grade IV chondromalacia of patellofemoral joint, torn medial and lateral meniscus, arthroscopy of left knee, synovectomy, removal of loose body, chondroplasty of patellofemoral joint and partial medial and lateral meniscectomy.

50.     That at a result of the foregoing, plaintiff, DIANE DOUGLAS-QUICK suffered a serious injury including fractures as defined by Section 5102(d) of the Insurance Law of the State of New York.

51.     That as a result of the foregoing, plaintiff, DIANE DOUGLAS-QUICK sustained serious injuries and economic loss greater than basic economic loss as defined by Section 5102(a) of the Insurance Law of the State of New York.

52.     That by reason thereof, plaintiff, DIANE DOUGLAS-QUICK is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in Section 5102(a) of the Insurance Law of the State of New York.

53.     That plaintiff, DIANE DOUGLAS-QUICK is a 'covered person' as defined by Section 5102(j) of the Insurance Law of the State of New York.

54.     That by reason thereof, plaintiff, DIANE DOUGLAS-QUICK is entitled to recover for non-economic loss and for such economic losses s are not included within the definition of "basic economic loss" as set forth in Section 5102(a) of the Insurance Law of the State of New York.

55.    That by reason thereof, plaintiff, DIANE DOUGLAS-QUICK is entitled to recover for non-economic loss and for all economic losses sustained.

56.    That plaintiff, DIANE DOUGLAS-QUICK is not seeking to recover any damages for which plaintiff, DIANE DOUGLAS-QUICK has been reimbursed by no-fault insurance and/or for which no fault insurance is obliged to reimburse plaintiff. Plaintiff is seeking to recover only those damages not recoverable through no fault insurance under the Federal Tort Claims Act.

57.    That by reason of the foregoing, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

58.    Plaintiffs repeats, reiterates and realleges each and every allegation as contained in the First and Second Causes of Action of the within Verified Complaint with the same force and effect as though each were more fully set forth at length herein.

59.    That at all times mentioned herein, it was the duty of the defendant, UNITED STATES OF AMERICA, by its agents, servants and/or employees of the United States Postal Service, to entrust the use of its motor vehicle to suitable, competent, qualified, experienced, trained, diligent and adequate persons.

60.    That at all times mentioned herein, it was the duty of the defendant UNITED STATES OF AMERICA, by its agents, servants and/or employees of the United States Postal Service to ensure that its said motor vehicle was entrusted, for use and operation as a vehicle, to persons who were fit, suitable, properly trained and instructed.

61.    That at all times mentioned herein, it was the duty of the defendant

UNITED STATES OF AMERICA, by its agents, servants and/or employees of the United States Postal Service, to ensure that its said motor vehicle was not entrusted, for use and operation as a vehicle, to persons who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated to safely operate such vehicle.

62.     That by reason of the negligence of defendant UNITED STATES OF AMERICA, by its agents, servants and/or employees of the United States Postal Service, in negligently entrusting its motor vehicle to defendant operator, Jose L. Marty, plaintiffs were caused to suffer severe injuries and damage, without fault or want of care on the part of plaintiffs in any way contributing thereto, thereby causing them extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries that are permanent in nature and duration.

63.     That by reason of the foregoing, plaintiff THOMAS BOSTIC has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

64.     That by reason of the foregoing, plaintiff DIANE DOUGLAS-QUICK has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

WHEREFORE, plaintiff, THOMAS BOSTIC demands judgment against the defendant in the sum of TEN MILLION ($10,000,000.00) DOLLARS as to his First Cause of Action; plaintiff, DIANE DOUGLAS-QUICK demands judgment against the defendant in the sum of TEN MILLION ($10,000,000.00) DOLLARS as to her Second Cause of Action; plaintiff, THOMAS BOSTIC demands judgment against the defendant in the sum of TEN MILLION ($10,000,000.00) DOLLARS as to the Third Cause of Action;  and

plaintiff, DIANE DOUGLAS-QUICK demands judgment against the defendant in the sum

of TEN MILLION ($10,000,000.00) DOLLARS as to the Third Cause of Action, together

with the costs and disbursements of this action, and with interest from the date of this

accident.

Dated:        New York, New York
              August 25, 2022

                                     Yours, etc.,

                                     BURNS & HARRIS
                                     Attorneys for Plaintiff

                                     _____
                                     IRWIN J. WEINSTEIN (IW7866)
                                     233 Broadway, Suite 900
                                     New York, New York 10279
                                     (212) 393-1000

## ATTORNEY'S VERIFICATION

IRWIN J. WEINSTEIN, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at BURNS & HARRIS, attorneys of record for Plaintiff herein. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except as to those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

I make the foregoing affirmation because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:       New York, New York
             August 24, 2022

_____
IRWIN J. WEINSTEIN

JS 44   (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
THOMAS BOSTIC and DIANE DOUGLAS-QUICK

**DEFENDANTS**
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff   <u>KINGS</u>
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BURNS & HARRIS, 233 Braodway, Suite 900, New York, New York 10279 (212) 393-1000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [X] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause?* Yes [ ]  No [✓] "

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [X] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Tort Claims Act, US Code Annotated Judiciary and Judicial Procedure, 28 US Code Section 1346(b)
Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
40,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
August 25, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, IRWIN J. WEINSTEIN _____, counsel for _____ Plaintiffs _____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

# NY-E DIVISION OF BUSINESS RULE 1(c)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?        ☐ Yes        ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?        ☐ Yes        ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?        ☑ Yes        ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:        .

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes ☑ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes        ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes    (If yes, please explain    ☑ No

I certify the accuracy of all information provided above.

Signature: _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| THOMAS BOSTIC and DIANE DOUGLAS-QUICK, | ) <br> ) <br> ) <br> ) <br> ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| *Defendant(s)* | ) <br> ) <br> ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* UNITED STATES OF AMERICA
c/o United States Attorney for the Eastern District
271 Cadman Plaza E.
Brooklyn, New York 11201
UNITED STATES OF AMERICA
c/o Attorney General of the United States
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave NW, Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: IRWIN J. WEINSTEIN
BURNS & HARRIS
233 Broadway - Suite 900
New York, New York 10279

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*