UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
THOMAS BOSTIC and                                       :
DIANE DOUGLAS-QUICK,                                    :
                                                        :
                               Plaintiffs,              :     **SUMMARY ORDER**
                -against-                                :     22-cv-5058 (DLI) (PK)
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :
                               Defendant.               :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On August 25, 2022, Plaintiffs Thomas Bostic and Diane Douglas-Quick ("Plaintiffs")

initiated this Federal Tort Claims Act suit against the United States of America ("Defendant").

They seek to recover damages allegedly arising from an accident between a 2010 Hyundai Elantra

(the "Elantra") operated by Plaintiff Bostic ("Plaintiff-Driver") and owned by the passenger,

Plaintiff Douglass-Quick ("Plaintiff-Passenger"), and a United States Postal Service ("USPS")

truck owned by Defendant and operated by USPS employee Jose L. Marty ("Marty"). Compl.,

Dkt. Entry No. 1. Plaintiffs allege that Marty negligently backed the USPS truck into the Elantra,

causing them to suffer various injuries. *Id.* ¶¶ 30-31, 45. They claim that Defendant, as Marty's

employer, is vicariously liable for his negligence. *Id.* ¶ 20. Defendant raises comparative

negligence as an affirmative defense arguing that the rear-end collision "presents a *prima facie*

case of negligence by Plaintiff-Driver." *See*, Answer at 11, Dkt. Entry No. 6.

Plaintiffs have been represented by Harris Keenan & Goldfarb PLLC ("HKG") since the

initiation of this case. *See generally*, Compl.; Mot., Dkt. Entry No. 34. On September 9, 2025,

Defendant moved to disqualify HKG on the grounds that its concurrent representation of both

Plaintiffs creates an impermissible conflict of interest. *See*, Mot. Plaintiffs opposed. *See*, Opp'n.

1

Dkt. Entry No. 35.  Defendant replied.  *See*, Reply, Dkt. Entry No. 36.  For the reasons set forth below, Defendant's motion to disqualify Plaintiffs' counsel is granted.

## **LEGAL STANDARD**

When considering a motion to disqualify counsel, "a district court must balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession."  *GSI Com. Sols., Inc. v. BabyCenter, L.L.C.*, 618 F.3d 204, 209 (2d Cir. 2010) (internal quotation marks and citation omitted).  However, it is "*prima facie* improper" for an attorney to engage in concurrent representation of two or more clients.  *Id.* at 209 (citation omitted) (italics added).  A lawyer engages in concurrent representation when he "simultaneously represent[s] . . . one existing client in a matter adverse to another existing client."  *Id.*

It is well established that the interests of a driver of a vehicle that was in a car accident are adverse from the interests of a passenger that was in the same vehicle.  *See*, *Genao de Valdez v. A. Duie Pyle, Inc.*, 2024 WL 4710877, at *1 (E.D.N.Y. Nov. 7, 2024) (collecting cases).  Indeed, passengers generally are advised to assert claims against all drivers of all vehicles involved in an accident, including the driver of the car she was in.  *See, Shaikh ex rel. Shaikh v. Waiters*, 185 Misc. 2d 52, 54-55 (Nassau Cnty. Sup. Ct. 2000)  Otherwise, the passenger runs "a risk of nonrecovery in the event that the named defendant is exculpated from fault."  *Id.*

Accordingly, Courts routinely prohibit the concurrent representation of both the driver and passenger of a vehicle involved in an accident.  *See*, *Genao de Valdez*, 2024 WL 4710877, at *1.  This prohibition typically holds even when there is a close personal relationship between the driver and the passenger.  *Castillo Abreu*, 2024 WL 5251985 at *2  (collecting cases).  Such representation is improper because "a lawyer's duty to his client is that of a fiduciary or trustee who owes his client 'undivided loyalty.'" *Anderson v. Nassau County Dept. of* Corrections, 376 F.

Supp.2d 294, 298 (E.D.N.Y. Jul. 6, 2005) (quoting Cinema *5, Ltd. v. Cinerama, Inc.*, 428 F.2d 1384 ( 2d Cir. 1976)).

However, an attorney may defeat a motion to disqualify based on improper concurrent representation if he can show that "there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation." *Castillo Abreu v. Alvarez*, 2024 WL 5251985, at *2 (E.D.N.Y. Dec. 31, 2024) (internal quotation marks omitted) (quoting *GSI Com. Sols., Inc.*, 618 F.3d at 209). This "burden is so heavy that it will rarely be met." *GSI Com. Sols., Inc.*, 618 F.3d at 209. The question of whether disqualification is warranted falls within the Court's discretion. *Cresswell v. Sullivan &* Cromwell, 922 F.2d 60, 72 (2d Cir. 1990). When conducting its analysis, the Court must evaluate the facts as they were at the time the conflict first arose and may consider any prejudice that disqualification might impose on the non-movant as well as the movant's potential "tactical motivations." *See, Castillo Abreu*, 2024 WL 5251985, at *2 (citation omitted); *HLP Props., LLC v. Consol. Edison Co. of New York*, 2014 WL 5285926, at *3 (S.D.N.Y. Oct. 16, 2014) (citation omitted).

## <u>ANALYSIS</u>

The Court concurs with Defendant that HKG must be disqualified because its concurrent representation of both Plaintiffs is *prima facie* improper. Mot. at 6-7; *See*, Opp'n at 4 (conceding that the relevant case law "is strongly in favor of requiring separate counsel."). As Defendant states, the interests of each Plaintiff are "squarely at odds" with each other. Mot. at 6. In order to represent Plaintiff-Passenger zealously, HKG must be able to advise her as to the potential for recovery from Plaintiff-Driver, potentially investigate Plaintiff-Driver's conduct, and represent Plaintiff-Passenger in cross-claims against Plaintiff-Driver should she choose to bring them. On the other hand, zealous representation of Plaintiff-Driver would require HKG to minimize his

3

liability exposure against all claimants.  HKG cannot do both and simultaneously fulfill its ethical obligations.  *See*, *Genao de Valdez*, 2024 WL 4710877, at *1 (concluding an attorney's concurrent representation of a driver and his passenger would result in "a violation of either the ethical rule requiring an attorney to preserve a client's confidences, or the rule requiring an attorney to represent a client zealously."); *Castillo Abreu*, 2024 WL 5251985 at *4 (holding that a driver and his passenger could not be represented simultaneously because "a reasonable lawyer would not be able to competently and diligently represent" them both).

Notwithstanding such ethical prohibitions, Plaintiffs oppose disqualification contending that Plaintiff-Passenger has not been prejudiced because: (1) both Plaintiffs testified that Marty caused the accident; (2) Plaintiff-Passenger decided not to file a cross-claim against Plaintiff-Driver; and (3) Plaintiffs' longtime friendship.  Opp'n at 3-4.  However, these considerations cannot overcome the "heavy burden" required to defeat a disqualification motion.

Plaintiff-Passenger's testimony and failure to bring a cross-claim may have resulted from the conflicted representation.  *See*, *Castillo Abreu,* 2024 WL 5251985, at *4 ("[A] conflict exists whether or not the passengers have filed claims against the driver.").  Indeed, "[e]ven where a passenger has *not* brought a claim against the driver of the car they were in at the time of an accident, a conflict arises from the concurrent representation of driver and passenger because there is the potential for such a claim."  *Cohen v. Strouch*, 2011 WL 1143067, at *3 (S.D.N.Y. Mar. 24, 2011).  Moreover, it is of no consequence that Plaintiffs are longtime friends.  It is well established that a close personal relationship does not defeat the existence of a conflict.  *See*, *Castillo Abreu*, 2024 WL 5251985 at *2 (collecting cases).

Finally, Plaintiffs argue that disqualification of their counsel would prejudice them because "[s]ignificant litigation has [already] occurred" and "the matter was basically ready for trial."

4

Opp'n at 3-4.  While it is true that this issue was raised late in this litigation and disqualifying HKG may cause Plaintiffs to suffer adversely in the short term by the delay in seeking new counsel disqualification here is warranted because it serves to "preserve the integrity of the adversary process."  *Bd. of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979).  Here, Plaintiff-Passenger's interests only can be represented and protected adequately if she and Plaintiff-Driver each are represented independently.  As Defendant correctly argues, Plaintiff-Passenger still could decide to pursue cross-claims against Plaintiff-Driver pursuant to Fed. R. Civ. P. 13(g).  *See*, Mot. at 9-10.   Furthermore, there is no evidence that Defendant's belated motion is motivated by improper tactical considerations.  *See*, Pre-Trial Conference Tr. at 19:9-12, Mot., Ex. A ("There is nothing nefarious behind [the disqualification motion.  I can represent to the Court there's no trying to seek an advantage or delay[.]").

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to disqualify Plaintiffs' counsel from representing either Plaintiff is granted.

SO ORDERED.

Dated:  Brooklyn, New York
        January 20, 2026

                                        _____
                                             /s/
                                          DORA L.  IRIZARRY
                                        United States District Judge